Filed 4/9/15  P. v. Nash CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JARVIN ONEAL NASH,<br><br>    Defendant and Appellant. | E062644<br><br>(Super.Ct.No. FSB045154)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Following his conviction by jury of attempted first degree burglary (Pen. Code, §§ 664/459),[1] during which another person was present, and findings by the trial court

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

that he had suffered two strike priors (§ 667, subds. (b)-(i)), defendant was sentenced to 25 years to life in prison. While serving that term, defendant, in pro per, filed a petition for recall of his sentence pursuant to section 1170.126, which the trial court denied, finding that defendant was ineligible because his current conviction is for a serious felony. Defendant appeals from that order.

Upon defendant's request, this court appointed counsel to represent him on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, which he has done.

In the brief before this court, counsel for defendant listed as potential arguable issues whether the trial court erred in concluding that defendant was ineligible for recall of his sentence under section 1170.126 and whether, in light of Proposition 47, defendant's current conviction should be reduced to a misdemeanor.

In his brief, defendant asserts that the facts surrounding his current offense justify his resentencing under section 1170.126 and under Proposition 47.

## ISSUES AND DISCUSSION

Section 1170.126 provides, in pertinent part, "(b) Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of

2

subdivision (e) of Section 667 . . . upon conviction . . . of a felony . . . that [is] not defined as serious . . . by subdivision (c) . . . of Section 1192.7, may file a petition for a recall of sentence . . . [¶] . . . [¶] (e) An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to . . . subdivision (e) of Section 667 . . . for a conviction of a felony . . . that [is] not defined as serious . . . by subdivision (c) . . . of Section 1192.7." Section 1192.7, subdivision (c) provides, in pertinent part, "As used in this section, 'serious felony' means any of the following: [¶] . . . [¶] (18) burglary of the first degree . . . [¶] . . . [¶] (39) any attempt to commit a crime listed in this subdivision other than assault . . . ."

Because defendant's current offense was for attempted first degree burglary, the trial court did not err in concluding that he was ineligible for recall of his sentence under section 1170.126.

Proposition 47, embodied, in part, in section 1170.18, provides, as is pertinent here, "(a) A person currently serving a sentence for a conviction . . . of a felony . . . who would have been guilty of a misdemeanor under the act . . . had this act been in effect at the time of the offense may petition for a recall of sentence . . . to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Sections 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." None of those sections apply to the crime of first degree burglary, therefore, defendant is not eligible for resentencing as a misdemeanant under section 1170.18.

Given the foregoing, the facts surrounding defendant's current crime are irrelevant to the determination that he is ineligible for a recall of sentence under either sections 1170.126 or 1170.18.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal. 4th 106, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.